IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK


ORIGINAL

**Complaint for a Civil Case**

WILBERT MOORE
PLAINTIFF PRO SE

*(Write the full name of each plaintiff who is filing
this complaint.  If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

N.Y.C. DOE, CHRIS
DALTON & STUDENTS A, B, C, D

*(Write the full name of each defendant who is
being sued.  If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

Case No.
*(to be filled in by the Clerk's Office)*


CV-16-5971
VITALIANO, J.

Jury Trial:  ☑ Yes  ☐ No
*(check one)*
BLOOM, M.J.


RECEIVED
OCT 25 2016
PRO SE OFFICE

Parties

1. Plaintiff, Wilbert Moore, is a natural person residing at 747 10th Ave. Apt. 35A, New York, New York 10019, Tel. (212) 246-6356.

2. Defendants, the NYC Department of Education (DOE), the NYC Law Department, 100 Church St. 4th Floor, New York, NY 10007, Investigator Christopher Dalton, and Students A, B, C, and D, 65 Court St. 9th Floor, Brooklyn, NY 11201.

3. I'm claiming that the Federal Court has jurisdiction over this instant action because pursuant to Article 3, section 2 of the United States Constitution, the fourteenth amendment to the US Constitution, the US Constitution's Title 42 Section 1985, and the Federal Rules of Civil Procedure's USC's Title 9 of the Federal Arbitration Act (FAA). I'm requesting that this instant Court obeys the USC's Title 9 of the Federal Arbitration Act by certifying the Arbitrators Award because the (FAA) Title 9 voids all subsequent jurisdiction beyond the Arbitrators Award. Title 9 of the Federal Arbitration Act states the following, and I quote:

§ 9. Award of the arbitrators; confirmation; jurisdiction; procedure
If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the Court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

End quote. Pursuant to the above stated USC's Title 9 of the FAA, the Courts do not have the jurisdiction to dismiss the reward of the Arbitrator and the USC's Rule 9 removes all of the Courts jurisdiction beyond my February 23, 2004, "Arbitration Award"; therefore rendering all subsequent adverse Court Orders and sanctions void.

4. I'm trying to prove that the defendants known only as Student A, B, C, and D, do not exist, and that I'm the victim of an alleged cover-up that has damaged my name and my

career. I would appreciate it if the Courts would use its authority to at least prove the existence of the defendants that allegedly accused me of felonious assault.

5. I've enclosed as "Exhibit 1" a copy of the December 5, 2014, letter I sent to Clerk Wolfe. According to Title 18 of the United State's Code's § 1519, the conspirators are guilty of committing a felony by altering and or falsifying Federal documents and then dismissing my appeal based on their felonious misconduct. Title 18 of the United State's Code's § 1519, states the following and I quote:

> 18 U.S. Code § 1519 - Destruction, alteration, or falsification of records in Federal investigations and bankruptcy
> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

End quote; I've enclosed as "Exhibits 2 and 3", copies of the altered documents with the missing dates that are mentioned in the December 5, 2014, letter. Were the documents altered to prevent me from proving that Students A, B, C, and D never existed? After more than14 years, the NYC's Department of Education is still refusing to prove the existence of the Students that accused me of assaulting them (See "Exhibits 4 and 5").

6. Pursuant to title 18 of the U.S.'s Code's Section 4, any person can report to a Federal Judge the alleged felonious crimes illustrated in the above-mentioned December 5, 2014, letter, as well as any other alleged felonies. Title18 of the U.S.'s Code's § 4, states and I quote:

> U.S. Code › Title 18 › Part I › Chapter 1 › § 4
> 18 U.S. Code § 4 - Misprision of felony
> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

3

End quote, pursuant to the United States Codes; I'm formally reporting that the conspirators allegedly committed a felony and they should be punished.

7. I'm alleging that a casual side-by-side examination of my "Public Docket Tracking Sheets" illustrates another reason why I'm making the allegations that the Clerks and the conspirators committed Fraud upon the Court. Pursuant to "Title 18 §1519 of the United States Code, and Title 18 § 242 of the USC," it is clear that a conspirator at the 2nd Circuit Court of Appeals allegedly committed a felony when they altered my Public Docket Tracking Sheets. What the conspirators removed were the two entries dated January 5, 2006. The missing January 5, 2006, deleted entries are the "Court Order's" that dealt with the alleged conspiracy to hide the allegation that the Students that allegedly accused me of abusing them, never existed. I'm alleging that the "Courts Order's" were illegally removed by the conspirators in violation of the USC's Title's 18 §1506, Title 18 §1509, and Title 18 §242 (See "Exhibits 1, 2, and 3").

8. The following events transpired at our November 21, 2003, American Arbitration Association's (AAA) legal Arbitration that took place at the United Federation of Teachers Office. Investigator Christopher Dalton and Principal Gertrude Karabas were invited, but they did not attend. The NYC's Department of Education's (DOE) was represented by Attorney Frank Capaldo, who was officially asked to present the names of, or proof of the existence of the anonymous defendants still known as Students A, B, C, and D. Attorney Capaldo asked the AAA's Arbitrator, Martin F. Scheinman, Esq., to allow him to make a phone call to acquire the names of his clients, the anonymous Students.

9. Approximately 10 minutes passed and Attorney Capaldo was still talking on the telephone; rather than delaying the other hearings that were scheduled to follow ours, Arbitrator Scheinman, asked us to wait outside of the hearing room while he heard the next

4

case. Meanwhile Attorney Capaldo was allegedly still on the telephone while we waited outside of the hearing room for more than a half hour. Finally, rather then keeping us waiting, Arbitrator Scheinman told us that he would forward his verdict to us at a later date. We left the Arbitration without proof of the existence of Students A, B, C, and D, the Students that allegedly accused me of feloniously assaulting them.

10. After more then 2 months had passed, Arbitrator Scheinman allegedly finally gave up on waiting for the DOE to prove the existence of Students A, B, C, and D, and ruled in my favor by stating the following in his February 23, 2004, Award and Order, and I quote;

"The basic dispute to be decided pursuant to the parties' agreement is: whether the material in the file, which is the subject of the grievance, is either unfair or inaccurate within the meaning of the agreement? If so, what shall be the remedy? After reviewing the evidence and argument submitted, I make the following rulings: 1. the letter of May 20, 2002, shall be deleted from Wilbert Moore's file because it is unfair and inaccurate as these terms have been defined by the parties."

End quote, the DOE was given a fair chance and ample time by the AAA's Arbitrator Scheinman to prove that Students A, B, C, and D, existed, but to this very day, the DOE have not proven the existence of the Students (See "Exhibits 6, 7, and 8").

11. Pursuant to Section 12 of the United States Code's Federal Arbitration Act (FAA), after the arbitrator's award was delivered to both sides on or around February 23, 2004, the DOE had 3 months in which to legally protest the arbitrator's award in a Court of Law; however the DOE failed to file a timely formal protest. Instead, the Southern District of New York's (SDNY) Judge Loretta Preska issued her March 31, 2004, adverse order dismissing my case without ever acknowledging the existing Arbitrator's Court Order Award. I'm alleging that the law is on my side because Judge Loretta Preska ignored an existing standing Court Order Award by not acknowledging Arbitrator Scheinman's Award, even though she was well aware of the fact that my case was going before an Arbitrator before she issued her allegedly void "Order of Dismissal" (See "Exhibit 9").

12. I alerted Judge Preska to the fact that I had won my arbitration several weeks before she issued her March 31, 2004, adverse order of dismissal. Pursuant to the FAA, I requested Certification of the February 23, 2004, uncontested Arbitrator's Award in a timely fashion (See "Exhibit 10"). The Second Circuit Court of Appeals case law's decision as stated in "Duferco International Steel Trading v. T. Klaveness Shipping," states the following, and I quote:

> The Second Circuit held in Duferco International Steel Trading v. T. Klaveness Shipping A/S that the court must conduct a three-step analysis. First, the court must find that the arbitrator ignored a law that was clearly and explicitly applicable to the case[31] Second, the court must find that the law was improperly applied, leading to an erroneous outcome[32] Third, the court must find that the arbitrator acted with subjective knowledge that she was overlooking or misapplying the law"

End quote.

14. There is no indication in the record that Judge Preska followed the above-mentioned three-step analysis therefore; the only "Legal Order" is the favorable Award handed down by Arbitrator Scheinman on February 23, 2004. I'm alleging that because of the lack of jurisdiction, all of the Courts adverse subsequent "Orders of Dismissal, and sanctions" must be voided because; according to the doctrines of Res Judicata and Collateral Estopel the arbitrator's award should have been applied (See "Exhibit 11").

15. I'm alleging that an ongoing fraudulent conspiracy is still in effect. According to Barron's Law Dictionary" a conspirator is defined as the following, and I quote;

> "CONSPIRATOR one involved in a conspiracy; one who acts with another, or others, in furtherance of an unlawful transaction. It is not necessary that all of the conspirators either meet together or agree simultaneously...It is not necessary that each member of a conspiracy know the exact part which every other participant is playing; nor is it necessary in order to be bound by the acts of his associates that each member of the conspiracy shall know all the other participants therein; nor is it requisite that simultaneous action be had for those who come on later, and cooperate in the common effort to obtain the unlawful results, to become parties thereto and assume responsibility for all that has been done before. 47 F. Supp. 395, 400-01."

End quote. The NYC's Law Department's Attorney Andrez Carberry, failed to show up for two of the Court's Discovery Conferences; and he is the same attorney that submitted

6

a January 9, 2007, Notice of Appearance listing the Students as his clients; however, to this very day, neither he nor the Courts have proven the existence of Students A, B, C, and D (See "Exhibit 13").

16. The NYC's Law Department's Attorney Andrez Carberry failed to show up at both of the Bronx County's NY State Supreme Court's Discovery Conferences. The first Discovery Conference was held on August 18, 2009, and the second on September 10, 2009. At our September 10, 2009, Discovery Conference, I told the Judge that the defendants did not respond to my March 23, 2009, Interrogatory; however, the defendants were allowed to file their July 16, 2009, "Motion to Dismiss" my Complaint without proving the existence of the anonymous defendants still known as Students A, B, C, and D. Because of the DOE's failure to comply with the "Rules of Discovery" at our September 10, 2009, Discovery Conference, pursuant to the CPLR's Rule 3124, I requested and received permission from the Court to file a Motion to "Compel Disclosure" pursuant to the NY States Civil Practice Laws and Rules (CPLR) Rule 3124. The CPLR's Rule 3124 states and I quote:

Rule 3124. Failure to disclose; motion to compel disclosure If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response.

End quote.

17. I'm alleging that the failure of the NYC's Law Department's Attorney Carberry to show up at both of our "Discovery Conferences" has to do with his not being able to produce the proof of the existence of the anonymous Students (See "Exhibits 4 and 5"). Pursuant to the CPLR's Rule 3126, the Courts should have issued an order rendering a judgment by default against Attorney Carberry for not complying with the "Rules of Discovery" and for not

showing up in Court.   In all fairness, what about imposing some kind of sanctions on Attorney Carberry for failing to show up twice for the Courts Discovery Conferences?

18. My Arbitrational Victory conferred its original jurisdiction on the Courts because it came before Judge Preska's Order of Dismissal.   The CPLR's §7501, the United States Code's Title 9 of the Federal Arbitration Act, and the case law ruling of the NY State's King's County Supreme Court states that my February 23, 2004, Arbitrational Award established original jurisdiction because; it was issued before Judge Preska's March 31, 2004, mistaken Motion to Dismiss my complaint (See "Exhibit 12").   Since Judge Preska's "Order to Dismiss" came too late, I'm alleging that it is not valid because of the doctrines of "Res Judicata" and or "Collateral Estoppel."   I'm respectfully requesting that this Court force the defendants to prove the existence of Students A, B, C, and D, or else award me 10 million dollars in punitive damages and that the defendants make me whole including reinstatement, respectfully submitted,

### Affirmation

I, WILBERT MOORE/Plaintiff Pro Se says that I'm the Pro Se Plaintiff mentioned in the above "Document" that I have read the above-mentioned information and know the contents thereof; that the same is true to my knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe that they are true.

Dated: October 25, 2016

Wilbert Moore / Plaintiff Pro Se
747 10th Ave.  Apt. 35A
New York, NY 10019
(212) 246-6356

8

# Exhibits

Wilbert Moore/Plaintiff Pro Se
747 10th Ave.  Apt./ 35A
New York, New York 10019
(212) 246-6356

Mr. Wilbert Moore
747 10th Ave. Apt. 35A
New York, New York 10019
(212) 246-6356 / billmoor2@verizon.net

December 5, 2014

## Re: Docket Numbers 04-3555-cv and 05-5249-cv

EXHIBIT 1

Clerk Catherine O'Hagan Wolfe
2nd Circuit Court of Appeals
40 Foley Square
New York, NY 10007

Dear Clerk O'Hagan Wolfe:

I'm alleging the following; please find enclosed as "Exhibit 1" a copy of the Second Circuit's adverse Order; my question is when they made their recent decision, was the Second Circuit Court of Appeals made aware of the alleged felonious misconduct that took place back in 2008, (See "Exhibits 2 and 3")?  If not, would you please inform them of what transpired.

2.  I'm alleging that a casual side-by-side examination of "**Exhibits 2 and 3**" illustrates that pursuant to "**Title 18 §1519 of the United States Code**," it is clear that a conspirator at the 2nd Circuit Court of Appeals allegedly committed a felony when they altered my "Public Docket Tracking Sheets," which subsequently led to the closing of my appeal.  What are conspicuously missing from "**Exhibit 3**" are the two entries dated January 5, 2006.  The missing January 5, 2006, entries dealt with my attempt to expose the alleged conspiracy that is still concealing the fact that the Students that allegedly accused me of abusing them do not exist (See "**Exhibit 4**").

## A F F I R M A T I O N

I, WILBERT MOORE/Plaintiff Pro Se swear that under the penalty of perjury, that I'm the author of the above mentioned "Document" that I have read the above mentioned information and I know the contents thereof; that the same is true to my knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  I will forward a true copy of the above document to the defendants via the US Postal Service addressed to: Attorney Joseph Lockinger, NYC Law Department, 100 Church St. Room 2-314, NYC 10007, and to: AAG Mary Kim, at the NY State Attorney General's Office, 120 Broadway, 24th Floor, NYC 10271.

Wilbert Moore / Plaintiff Pro Se
747 10th Ave. Apt. 35A
New York, NY 10019
(212) 246-6356

USPS Certified Mail Number: 7012 2210 0001 4745 5001

04-3555-cv   Moore v. NYC Dept. Ed                                          LEAD

| | |
|---|---|
| 1/25/05 | Notice to pro se and counsel; Order dated 1/25/05. [04-3555-cv ] |
| 1/25/05 | Order filed mooting motion to stay a mandate, endorsed on motion dated 11/19/04. IT IS HEREBY ORDERED THAT THE MOTION BE AND IT HEREBY IS moot in light of the January 20, 2005. Endorsed by A.M. Heller, Motions Staff Attorney. [04-3555-cv ] |
| 2/1/05 | Letter received dated 1/29/05 from Wilbert Moore, re: Enclosing Exhibits with request to update docket sheet. [04-3555-cv ] |
| 2/8/05 | Certified copy of order dated 9/29/04 disposing of the appeal issued to district court. [04-3555-cv ] |
| 2/9/05 | Acco received in records room from team. [04-3555-cv ] |
| 2/16/05 | Mandate receipt returned from the district court. [04-3555-cv ] |
| 5/5/05 | Record on appeal RETURNED to lower court. Number of volumes : 1 , USDC - SDNY (500 pearl) [04-3555-cv ] |
| 6/21/05 | Appellant  Wilbert Moore motion to request more time, received. [04-3555-cv ] |
| 7/14/05 | Appellant Wilbert Moore motion to request more time, received. [04-3555-cv ] |
| 8/22/05 | APPELLANT   Wilbert Moore,  motion to request more time, received. [04-3555-cv ] |
| 8/26/05 | Acco received in records room from team. [04-3555-cv ] |
| 10/28/05 | Appellant  Wilbert Moore motion request caption information filed with proof of service. [05-5249-cv ] |
| 11/15/05 | Appellant  Wilbert Moore Emergency  motion  notice of motion to request a summary judgment filed with proof of service. [05-5249-cv ] |
| 11/17/05 | Appellant  Wilbert Moore  Emergency  notice of motion to request a summary judgmentfiled with proof of service. [05-5249-cv ] |
| 1/5/06 | Order FILED REFERRING  Emergency notice of motion to request a summary judgment by Appellant  Wilbert Moore, endorsed on motion dated 11/17/2005.  IT IS HEREBY ORDERED THAT THE MOTION BE AND IT HEREBY IS sent to the panel which will hear the appeal. Endorsed by CJM. Supervisory Staff Attorney. [05-5249-cv ] |
| 1/5/06 | Order FILED REFERRING Notice of motion to request caption information by Appellant  Wilbert Moore, endorsed on motion dated 11/17/2005. IT IS HEREBY ORDERED THAT THE MOTION BE AND IT HEREBY IS sent to the panel which will hear the appeal. Endorsed by CJM Supervisory Staff Attorney. [05-5249-cv ] |

EXHIBIT 2

Proceedings include all events.  04-3555-cv  Moore v. NYC Dept. Ed

LEAD
CLOSED

| | |
|---|---|
| 8/26/05 | Acco received in records room from team. [Entry date Aug 26 2005 ] |
| 5/25/06 | Order filed stating; For purposes of this order, the appeals in U.S.C.A. Dkt. Nos. 05-5249-cv and 04-3555-cv are CONSOLIDATED. Appellant, pro se, has filed, in U.S.C.A. Dkt. No. 05-5249-cv, a "Motion to Request a Conference or to file a Rule 60(b) motion: and a motion for a "Temporary Order to Stay Proceedings and or an Order to Show Cause." Upon due consideration, it is ORDERED that appellant's motions are DENIED. It if further ORDERED that appellant's appeal from the district court's dismissal of his due proces and New York State Penal Law claims in U.S.C.A. Dkt. No. 04-3555-cv as well as his appeal from the district court's denial of his Rule 60(b) motions in U.S.C.A. Dkt. No. 05-5249-cv are sua sponte DISMISSED because appellant presents no arguably meritorious issues for consideration. See Pillay v. INS, 45 F. 3d 14, 16-17 (2d Cir. 1995) (per cuiam). The Clerk's office shall issue a final scheduling order regarding the remaining defamation claim on appeal with which appellant must comply if he wishes his appeal to go forward. (Before Hon. JMcL. DJ. BDP. Endorsed by OMG [Entry date May 25 2006 ] |
| 5/25/06 | Notice to counsel / pro se regarding court order dated 5/25/06 [Entry date May 25 2006 ] |
| 5/31/06 | Scheduling order #1 filed. Appellants brief due 6/30/2006. Appellees brief due 7/31/2006. Ready week 9/11/2006. [Entry date May 31 2006 ] |
| 5/31/06 | Notice to counsel / pro se regarding scheduling order no. 1. [Entry date May 31 2006 ] |
| 5/31/06 | LEAD case flag set. [Entry date May 31 2006 ] |
| 6/2/06 | APPELLANT  Wilbert Moore,  motion for reconsideration received. [Entry date Jun 13 2006 ] |
| 6/6/06 | Appellant  Wilbert Moore motion for an "Emergency stay and Reconsideration" filed with proof of service. [Entry date Jun 6 2006 ] |
| 6/13/06 | Notice to counsel and pro se re: Order dated 6/13/06. [Entry date Jun 20 2006 ] |
| 6/13/06 | Order FILED DENYING motion for emergency stay and reconsideration by Appellant  Wilbert Moore, endorsed by AMH on motion dated 6/6/2006. BEFORE: JMcL, DJ, BDP. [Entry date Jun 20 2006 ] |

**EXHIBIT 3**

Docket as of  March 08, 2007          10:03 am

Mr. Wilbert Moore
747 10th Ave. Apt. 35A
New York, New York 10019
(212) 246-6356 / www.billmoor@aol.com

October 15, 2011
## Re: Index Number 8333-2011



Honorable Sylvia Ash
NY State Supreme Court / Kings County
360 Adams St.  Room 456
Brooklyn, NY 11201

Dear Judge Ash:

I'm alleging the following: as of **October 7, 2011**, the Department of Education's Special Investigator Christopher Dalton is allegedly in **Contempt of Court** for not answering my Subpoena (See Enclosures).   Investigator Dalton also ignored my Summons and Complaint as well as the Interrogatories that requested the names of the anonymous Students still known only as Students A, B, C, and D.

2. In my opinion, without the real names or proof of the existence of the anonymous students that allegedly accused me assaulting them, the anonymous Students are not informed of the fact that I'm accusing them of Conspiratorial Fraud; therefore, they are not aware of their Constitutional Right to appear and or be represented in a Court of Law. In my opinion, any session held without the appearance of the Students is an unconstitutional ex parte session.

3. Our next appearance before you is on **October 19, 2011**, which does not give me much time to file a formal Motion to Compel compliance to my **September 12, 2011**, unanswered Subpoena. The Civil Practice Law and Rules **Rule 2308(b)(1)** states and I quote:

> **§ 2308.  Disobedience of subpoena**  (b) Non-judicial.  (1) Unless otherwise provided, if a person fails to comply with a subpoena which in not returnable in a court, the issuer or the person on whose behalf the subpoena was issued my move in the supreme court to compel compliance.

End quote. Because of the time constraints, if necessary, I would like your permission to make a Motion for compliance at our next **October 19, 2011**, Court Appearance. I've also enclosed a courtesy copy of my pending **September Notice of Motion** that includes a copy of the **Arbitrator's Award**, along with a copy of the cover letter of the correspondence I sent to the NY State Court of Claims.  I will forward copies of the cover letters to the defendants and other concerned parties.  If you have any questions please call me at **(212) 246-6356**.  Respectfully submitted,

Wilbert Moore

USPS Receipt for Certified Mail Number: 7011 0470 0001 5092 4546

**EXHIBIT 4**

# Supreme Court of the State of New York
## Kings County

Index Number
## 8333-2011

---

Wilbert Moore / Pro Se Plaintiff

Against

Christopher Dalton, Students A, B, C, and D, the
NYC Department of Education, and the NY State
Division of Human Rights

---

# INFORMATION
# SUBPOENA
# DUCES TECUM

## Hon Sylvia Ash

## 𝕿𝖍𝖊 𝕻𝖊𝖔𝖕𝖑𝖊 𝖔𝖋 𝖙𝖍𝖊 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐

TO:  The NYC's Department of Education's Investigator Christopher Dalton
NYC's Department of Education / Office of Special Investigations
65 Court St. 9th Floor
Brooklyn, NY 11201
(718) 935-5858

EXHIBIT 5

GREETINGS:
WHEREAS, in an action in the Supreme Court of the State of New York County of the Kings, NY between Wilbert Moore as Pro Se Plaintiff and Christopher Dalton, Students A, B, C, and D, the NYC Department of Education, and the NY State Division of Human Rights.  On April 11, 2011, Index Number 8333-2011, was issued to Plaintiff Wilbert Moore by the Kings County Clerks Office.

WHEREAS, the person to whom this subpoena is directed is regularly employed by the NYC Department of Education; has an office for the regular transaction of business in person; in Kings County at 65 Court St. 9th Floor, Brooklyn, NY 11201, Telephone Number (718) 935-5858.

NOW, THEREFORE WE COMMAND YOU, that you answer in writing under oath, separately and fully, each question in the 3-page questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original questions within 7 days after your receipt of the questions and this subpoena.

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

Witness, Honorable ___Sylvia  G.  Ash___ one of the Justices of our said court, at the courthouse in the County of the Kings, New York, the  12th  day of _September_ , 2011.

_____
S Y L V I A  G.  A S H
The name signed must be printed beneath
HON. SYLVIA G. ASH, JSC   SEP 1 2 2011
Wilbert Moore / Petitioner / Pro Se
747 10th Ave. Apt. 35A
New York NY 10019
(212) 246-6356

2011 SEP 30 AM 11:31

KINGS COUNTY CLERK
RECEIVED

Enclosed: 3-page Question form and enclosures,
original and copy.



```
DEPARTMENT CASE NO. OLR # 17312
UNION CASE NO. UFT # X19982
--------------------------------------X
In The Matter of Arbitration          X
Between the                                    Re: Wilbert Moore
                                      X        Letter of
THE NEW YORK CITY DEPARTMENT           X       May 20, 2002
OF EDUCATION                          X

                    "Department"      X

          -and-                       X

UNITED FEDERATION OF TEACHERS          X
LOCAL 2, AFT, NYSUT, AFL-CIO          X

                    "Union"           X
--------------------------------------X
```

**APPEARANCES**

    **FOR THE DEPARTMENT OF EDUCATION**
    Frank Capaldo, Department Advocate


    **FOR THE UNION**
    Micahel Friedman, Union Advocate
    Gary Rabinowitz, Special Representative
    Wilbert Moore, Grievant



**BEFORE:**  Martin F. Scheinman, Esq., Arbitrator



**EXHIBIT 6**

24

## OPINION

Pursuant to the parties' Collective Bargaining Agreement ("Agreement"), I was designated to hear and determine the merits of the Union's grievance seeking the elimination of material contained in Wilbert Moore's file dated May 20, 2002.

A hearing was held on November 21, 2003, at the Offices of the Union in Manhattan, New York.  At that time, both parties were afforded full opportunity to introduce evidence and argument in support of their respective positions.  They did so.

The basic dispute to be decided pursuant to the parties' Agreement is:

> **Whether the material in the file, which is the subject of the grievance, is either unfair or inaccurate within the meaning of the Agreement?**
>
> **If so, what shall be the remedy?**

After reviewing the evidence and argument submitted, I make the following rulings:

1. The letter of May 20, 2002, shall be deleted from Wilbert Moore's file because it is unfair and inaccurate as these terms have been defined by the parties.

2                 **EXHIBIT 7**

25

## AWARD

1.    I hereby determine UFT Case # X19982 and OLR Case # 17312 regarding the letter of May 20, 2002, in Wilbert Moore's file in accordance with my Opinion above.


February 2 3 , 2004.

Martin F. Scheinman, Esq.
Arbitrator


STATE OF NEW YORK           )
                            ) ss.:
COUNTY OF NASSAU            )


I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.


February 23, 2004.

Martin F. Scheinman, Esq.
Arbitrator


**EXHIBIT 8**


3

1        THE COURT:  They have a manual that informs litigants

2    how to proceed, and gives the litigant a little information

3    about the procedures.

4        As you know, both sides in a lawsuit have the right to

5    request documents from the other side, and that manual will

6    tell you how to do it.  Essentially, what you have to do is

7    you have to write out a request.  It's under Rule 34 of the

8    Civil Rules, but you have to write it out and send it to

9    counsel, then counsel has essentially 30 days to respond to

10   it.  So my suggestion to you, sir, is, if that is what you

11   want -- once we get these motions squared away, that is how

12   you proceed with respect to the name of the student.

13       Also, sir, if your union is representing you in an

14   arbitration arising out of your termination, it might be

15   that you have a right to ask for that information in that

16   arbitration.  I do not know that, but it might be that you

17   do.

18       MR. MOORE:  Okay.  Getting back to Rule 81c.  81c, the

19   part that I was referring to is, I have a right to subpoena

20   all of the defendants.

21       THE COURT:  What do you mean, for deposition?

22       MR. MOORE:  For trial.

23       THE COURT:  It is not time yet.

24       MR. MOORE:  I have a right to subpoena them.

25       THE COURT:  Are you saying serve them a summons and

**EXHIBIT 9**

**Rules 60(a) and 60(b) Notice of Motion for Relief from Judgment (Feb. 9, 2005)**
**03 Cv 2034 (LAP)**

## Affirmation:

**PLEASE TAKE NOTICE THAT** upon the affirmation of Plaintiff Pro Se Wilbert Moore, dated February 9, 2005, and upon all the pleadings and proceedings heretofore had herein, Plaintiff Pro Se Wilbert Moore, will move this Court, located on the 12ᵗʰ Floor at 500 Pearl Street, New York, New York 10007, on Friday, March 4, 2005, at 9:30 a.m., or as soon thereafter as counsel may be heard, for, pursuant to the Federal Rules of Civil Procedure's Rule 60(a), for the relief from judgment or order. Plaintiff is alleging the following; pursuant to Rule 60(a) of the Federal Rules of Civil Procedure (FRCP) Plaintiff filed this instant motion because Plaintiff would like to have the Court correct a clerical error regarding the lack of the Confirmation of the Award of Arbitrator Scheinman of the American Arbitration Association (AAA).

2. Please find enclosed as Exhibit 1, a copy of Page 7 of the Official Court Transcript recorded in your Courtroom on May 16, 2003, as exhibits 2, 3, and 4, a 3-page copy of Arbitrator Scheinman's Award, and as exhibits 5 and 6, a 2-page copy of the NYC Department of Education's (DOE) letter of termination.

3. According to **"Barron's Law Dictionary,"** the terms **"Award"** and **"Confirmation"** mean, and I quote; <u>"The decision of the arbitrator (the counterpart of a court's order or judgment) is called the AWARD. A Court order enforcing an arbitrator's award is called CONFIRMATION."</u> End quote.

4. On or around February 23, 2004, the American Arbitration Association's (AAA) Arbitrator Martin F. Scheinman, Esq. ruled in my favor in his Award that officially removed the NYC Department of Education's (DOE) defamatory letter of termination dated May 20, 2002, from my personnel file. Arbitrator Scheinman, Esq. stated the following in his Award, and I quote; <u>"1. The letter of May 20, 2002, shall be deleted from Wilbert Moore's file because it is unfair and inaccurate as these terms have been defined by the parties."</u> End quote (See exhibits 2, 3, and 4). The above mentioned unfair and inaccurate letter Arbitrator Scheinman, Esq. referred to in his Award was my letter of termination that falsely accused me of using Corporal Punishment. The above-mentioned defamatory letter of termination was signed and executed by DOE Attorney Elenor Radzivilover (See exhibits 5 and 6).

5. In the first paragraph of the above-mentioned letter of termination signed by DOE attorney Radzivilover, it states the following, and I quote; <u>"Dear Mr. Moore, The Office of Special Investigations has substantiated allegations of corporal punishment as follows: 1. CPU Log # 02-0178 – You grabbed a male student causing a scratch to his arm. 2. CPU Log # 02-0180 – You grabbed another student by the neck, choked and pushed him."</u> End quote. Arbitrator Scheinman, Esq. stated in his Award that my letter of termination is unfair and inaccurate.

6. <u>Rule 9(e)</u> of the FRCP states, and I quote; <u>"Rule 9. Pleading Special Matters  (e) Judgment.  In pleading a judgment or decision of a domestic or foreign court,</u> <u>judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decision without setting forth matter showing jurisdiction to render it."</u> End quote.

7. I officially informed the Federal District Court and the DOE of Arbitrator Scheinman's ruling in a Rule 60(b) Motion I submitted to you on or around April 27, 2004. In my opinion, Pursuant to the above-mentioned Rule 9(e) of the FRCP, if Arbitrator Scheinman concluded that I did not commit corporal punishment, then Arbitrator Scheinman's opinion should have been considered and confirmed in your March 31, 2004, rulings as a decision from a **"quasi-judicial tribunal."** However, no mention was made of Arbitrator Scheinman's opinion in any of your rulings or orders.

8. In my opinion, on or around March 31, 2004, you dismissed my Amended Complaint because you knew the results of my forthcoming arbitration. A forthcoming arbitration you and the DOE were aware of. The documented proof of the Court and the DOE's awareness of my then forthcoming Arbitration can be found in the Official Court Transcript on page 7, lines 13, to 17 (See exhibit 1). The Court's Record shows that you stated the following, and I quote: <u>"13. THE COURT: Also, sir, if your union is representing you in an arbitration arising out of your termination, it might be that you have a right to ask for that information in the arbitration.  I do not know that, but it might be that you do."</u> End quote. The above referred to arbitration was held at the UFT's Headquarters on November 21, 2003. At our November 21, 2003, arbitration, we asked for, but we never received, the information you referred to in the above quotation.

9. On or around April 27, 2004, I officially informed the Court and the DOE of Arbitrator Scheinman's Award by submitting a Rule 60(b) Motion to the Federal District Court. In my opinion, the Court erroneously rushed to judgment by dismissing my complaint before the Award of Arbitrator Scheinman's was officially considered and confirmed. In my opinion, pursuant to the above-mentioned definition of "Confirmation," Arbitrator Scheinman's Award should have been, or should now be, considered as the prevailing "Court Order" or "Judgment" because it was dated and handed down prior to your March 31, 2004, dismissal.

10. Rule 60 of the Federal Rules of Civil Procedure states the following, and I Quote; <u>"Rule 60. RELIEF FROM JUDGMENT OR ORDER  (a) Clerical Mistakes.  Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."</u> End quote.

11. Arbitrator Scheinman presented his Award before you Officially dismissed my case. In my opinion, pursuant to the FRCP's above-quoted Rule 60(a), the Courts' failure to officially acknowledge that Award should be deemed a clerical error that can be, and should be, corrected by the Court on its own initiative or by this instant motion. Plaintiff is filing this instant Rule 60(a) Motion to officially ask this Court to Confirm the Award of Arbitrator Scheinman Esq..  Respectfully submitted, Wilbert Moore

Dated February 9, 2005

**EXHIBIT 10**

# A Void Judgment lack's jurisdiction

A court must vacate any judgment entered in excess of its jurisdiction." (Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645 (1st Cir. 1972).). *The U.S. Supreme Court, in Scheuer v. Rhodes, supra, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974)* "A court must vacate any judgment entered in excess of its jurisdiction." (Lubben v. Selective Service System Local Bd. No. 27, supra, 453 F.2d 645 (1st Cir. 1972).).

" A judgment is void on its face if the trial court exceeded its jurisdiction by granting relief that it had no power to grant. Jurisdiction cannot be conferred on a trial court by the consent of the parties." (*Summers v. Superior Court* (1959), supra,; *Roberts v. Roberts* (1966) supra, ) Thus, the fact that a judgment is entered pursuant to stipulation does not insulate the judgment from attack on the ground that it is void. *In People v. One 1941 Chrysler Sedan* (1947) 81 Cal. App. 2d 18, 21-22 [183 P.2d 368]

Whenever a judge acts where he/she does not have jurisdiction to act, they are warring on the constitution, i.e., the judge is engaged in an act or acts of treason. *The U.S. Supreme Court, in Scheuer v. Rhodes, supra, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980 ); Cohens v. Virgina 19 U.S. (6 Wheat) 264 (1921.* See: Cooper v. Aaron, 358 U.S. 1,78 S.Ct. (1401 1958. Therefore, without authority or jurisdiction, a judge loses absolute immunity and is subject to a lawsuit.

The Court Has A Responsibility To Correct a Void Judgment. The statute of limitations does not apply to a suit in equity to vacate a void judgment. (*Cadenasso v. Bank of Italy*, p. 569; *Estate of Pusey*, 180 Cal. 368, 374 [181 P. 648].) This rule holds as to all *void judgments*. In the other two cases cited, *People v. Massengale* and *In re Sandel*, the courts confirmed the judicial power and responsibility to correct ***void judgments***.

Under Federal law, which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828). When judges act when they do not have jurisdiction to act, or they enforce a void order (an order issued by a judge without jurisdiction), they become trespassers of the law, and are engaged in treason.

Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821).

**EXHIBIT 11**

## Cheng v David Learner Assoc., Inc.

[*1] Cheng v David Learner Assoc., Inc. 2012 NY Slip Op 51035(U) Decided on June 6, 2012 Supreme Court, Kings County Velasquez, J. Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. This opinion is uncorrected and will not be published in the printed Official Reports………………………..

## Decided on June 6, 2012, Judge Velasquez, Supreme Court, Kings County

The revocation of any contract." Arbitration agreements, however, are not absolute, there is a clear judicial policy in favor of arbitration. The Appellate Division, Second Department has held that arbitration is considered "an effective and expeditious means of resolving disputes between willing parties desirous of avoiding the expense and delay frequently attendant to the judicial process." Maross Const., Inc. v. Cent. New York Reg'l Transp. Auth., 66 NY2d 341, 345, 488 N.E.2d 67 (1985) (internal citations omitted). To establish this policy, Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Section two places arbitration agreements on equal footing with all other contracts, "A written provision in…a contract…to settle by arbitration a controversy thereafter arising out of such contract…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for and may be challenged as invalid and unenforceable……………………………………………

According to the Supreme Court, challenges to the validity of arbitration agreements "upon such grounds as exist at law or in equity for the revocation of any contract" can be divided into two types: (1) a challenge to the specific agreement to arbitrate and (2) a challenge to the contract as a whole. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444, (2006). Plaintiffs David and Amy Cheng have [*3]raised both challenges, both of which are discussed in turn.

Is the Arbitration Agreement Itself Valid?

However, subsequent case law, including a United States Supreme Court decision directly on point, has expressly determined a claim of fraud in the inducement to enter into a contract containing an arbitration clause is to be resolved by arbitrators, and not the courts. Prima Paint Corp v Flood & Conklin Mfg. Co., 388 U.S 395, 403-404 (1967). Further, the case on which Plaintiff's rely, Weinrott, is distinguishable from this case because it stands for the proposition that as a "general rule" under a broad arbitration provision, the claim of fraud in the inducement should be determined by the arbitrators. 190 at 199. As stated above, this court has already found the arbitration clauses in the agreements at issue to be broad. Therefore it follows that the fraudulent inducement claims should be decided by an arbitrator………………………..

Plaintiff correctly notes that New York statute CPLR 7503 states that the court must decide whether there is a substantial question as to whether a valid agreement was made. Nevertheless, the New York Court of Appeals noted in Weinrott that adopting a policy in favor of arbitration is "consistent with the policy adopted by the Federal courts, and is significant since the Federal arbitration statute is almost identical to, and is derived from [New York's] arbitration statute." Id at 198. Moreover, in 2006 the Supreme Court held in Buckeye Check Cashing, Inc. V Cardegna that "even in the context of state-law claims brought in state court, the FAA created a body of federal substantive law which applies in both state and federal courts and state law cannot bar enforcement." 546 U.S. 440, 1209 (2006)(internal citations omitted). While plaintiff has not raised the issue of whether state or federal law applies in this case, it is important to note that this court must rule on this issue in accordance with the U.S. Supreme Court.

**EXHIBIT 12**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

WILBERT MOORE,

               Plaintiff/Pro Se,

               -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION AND STUDENTS A, B, C, AND D,

Defendants.

------------------------------------------------------------------- x

**NOTICE OF
APPEARANCE**

03-CV-2034 (LAP)

       **PLEASE TAKE NOTICE** that I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, now assigned to represent defendants New York City Board of Education, sued herein and doing business as the New York City Department of Education and Students A, B, C, D ("defendants") in the above-referenced action. Accordingly, I respectfully request that any future correspondence or ECF notifications relating to this matter be addressed to me and that I be noted as Lead Counsel on the Docket Sheet.

Dated:     New York, New York
           January 9, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                           City of New York
                          Attorney for Defendants
                          100 Church Street, Room 2-300
                          New York, N.Y. 10007
                          (212) 788-0924

                By:                            
                          Andrez Carberry (AC 4267)
                          Assistant Corporation Counsel

To:    Wilbert Moore (By Mail)
       *Petitioner Pro Se*

**EXHIBIT 13**